# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60183-BLOOM

RICHARD P. BUTLER, JR.,

    Appellant,

v.

SONYA SALKIN,

    Appellee.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Appellee Sonya Salkin's ("Salkin") Motion to Dismiss Appeal due to Lack of Jurisdiction (Improvident Interlocutory Appeal), ECF No. [9] (the "Motion"). The Court has carefully reviewed the Motion, the record, all supporting and opposing filings, the exhibits attached thereto, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### I. BACKGROUND

This case involves an appeal of a non-final order entered in proceedings before the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). The procedural history before the Bankruptcy Court as set forth in the Motion appears to be undisputed. Appellant, Richard P. Butler ("Butler"), filed a Chapter 11 voluntary bankruptcy petition on March 30, 2017. *See* ECF No. [9] at 10-20. Thereafter, on October 2, 2017, the Office of the United States Trustee ("UST") filed a motion seeking to dismiss Butler's bankruptcy petition or to convert it to a Chapter 7 petition. *Id.* at 21-26. Following a hearing on this motion, the Bankruptcy Court entered an Order Converting Case under Chapter 11 to a Case under Chapter 7. *Id.* at 27-30. In this order, Butler was required to file routine information in a

Chapter 7 petition, such as the filing of "Official Bankruptcy Form 22 A 'Statement of Current Monthly Income and Means Test Calculation for Use in Chapter 7 Only,'" among other documents. *Id.* One week later, the UST filed a notice appointing Salkin as the Chapter 7 Trustee. *Id.* at 31-32.

On December 4, 2017, Butler filed his Chapter 7 Statement of Current Monthly Income and Chapter 7 Means Test Calculation ("Means Test") and, on the following day, he amended both. *Id.* at 36-65. The UST thereafter filed a Motion to Dismiss pursuant to 11 U.S.C. § 707(b)(1) based on the Presumption of Abuse Arising under 11 U.S.C. § 707(b)(2) and Abuse Arising under 11 U.S.C. § 707(b)(3). *Id.* at 65-72. Butler joined in the UST's Motion to Dismiss, and in doing so, "waive[d] his right under 11 U.S.C. § 707(b)(2)(B) to rebut the presumption of abuse and request[ed] that his case be dismissed pursuant to 11 U.S.C. 707(b)(2) and 11 U.S.C. 707(b)(3)." *Id.* at 73-75. Salkin opposed the UST's Motion to Dismiss. *Id.* at 76-97. Although the UST did not file a reply, Butler prepared a reply to Salkin's opposition. *Id.* at 98-102. After holding a hearing, the Bankruptcy Court ultimately denied the UST's Motion to Dismiss. *See* ECF No. [1] at 4. In doing so, the Bankruptcy Court stated, in pertinent part:

> The question before me this morning in the U.S. Trustee's motion to dismiss, and which the debtor has joined, is whether I should exercise the discretion I'm provided under the statute to dismiss this case pursuant to Section 707(b). Under Section 707(b)(2) I am satisfied that the appropriate standard to measure the debtor's financial position and CMI is the snapshot that's provided at the petition date, and that snapshot, which would necessarily include --- Which includes the $23,000 monthly mortgage payment, shows that the debtor's income, or its monthly expenses are $15,000 a month more than his income as reported.
>
> . . .
>
> The trustee reports that as of now she has identified $732,000 in assets for Form 1 purposes. That's not -- that's not nothing, and because there are assets which have not been explored, and as to which the trustee does not now have information, I believe that a dismissal of the case now would be inappropriate, and I do that considering the totality of the circumstances under Section 707(b)(3). And as I

> said earlier, I would not dismiss the case under Section 707(b)(2) because I believe that the CMI properly stated shows that the debtor's liabilities on a monthly basis, or payment obligation on a monthly basis, taken as a snapshot, greatly exceed his income. For those reasons I will deny the motion to dismiss.

ECF No. [9] at 132 (emphasis added). This appeal followed wherein Butler challenges the Bankruptcy Court's decision to include his "phantom" mortgage payments in the Means Test calculation, which in turn led the Bankruptcy Court to find no presumption of abuse under § 707(b)(2) and to deny the request for dismissal under the totality of the circumstances test of § 707(b)(3).

Butler does not dispute that his appeal of the Order denying the Motion to Dismiss is interlocutory in nature. Both parties, however, take diverging views as to whether this Court should exercise its discretion to review the Bankruptcy Court's non-final order. Because this particular appeal satisfies all three criteria for interlocutory review, this Court will exercise its direction to hear the issues at this juncture.

## II. LEGAL STANDARD

A federal district court has jurisdiction to hear appeals of interlocutory orders and decrees issued by bankruptcy judges in cases and proceedings referred under 28 U.S.C. § 157.[1] *See* 28 U.S.C. § 158(a)(3). A party may appeal a non-final order of a bankruptcy court only with leave of the district court. *See* 28 U.S.C. § 158(a)(3) ("jurisdiction to hear appeals . . . with leave of the court, from other interlocutory order and decrees"); *Tobkin v. Calderin*, No. 12-22692-MC, 2012 WL 3609867, at *1 (S.D. Fla. Aug. 22, 2012) ("district courts have jurisdiction to hear appeals with leave of the court, from other interlocutory orders and decrees"); *In re Fillard*

---

[1] In his Response, Butler alternatively argues that this interlocutory appeal can be heard pursuant to other recognized exceptions to the final judgment rule, namely the collateral order doctrine and the serious/irreparable consequence exception. *See* ECF No. [11] at 2-3. As explained in this Order, the Court finds that Butler has satisfied all three prongs for interlocutory review of a bankruptcy order. Therefore, the Court need not decide the applicability of any other jurisdictional exceptions for interlocutory review.

*Apartments, Ltd*., 104 B.R. 480, 480-81 (S.D. Fla. 1989) ("Interlocutory appeals, however, may only be taken to the district court with the leave of the district court."). Interlocutory review is generally disfavored for its piecemeal effect on cases. *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) ("[I]nterlocutory appeals are inherently disruptive, time-consuming, and expensive and, consequently, are generally disfavored.") (quotations omitted). However, a district court may grant interlocutory review of a bankruptcy order if the moving party demonstrates "that: (1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." *Laurent v. Herkert*, 196 F. App'x 771, 772 (11th Cir. 2006) (citing 28 U.S.C. § 1292(b)); *see In re Pac. Forest Products Corp*., 335 B.R. 910, 919 (S.D. Fla. 2005) (hereinafter, "*Colonial Bank*"). This "three-part standard is analogous to that set forth in 28 U.S.C. § 1292(b), which governs appeals from the district court to the circuit court of appeals." *Colonial Bank*, 335 B.R. at 919; *see In re Celotex Corp*., 187 B.R. 746, 749 (M.D. Fla. 1995) (citing *In re Charter Co*., 778 F.2d 617, 620 (11th Cir. 1985)) ("In determining when to exercise this discretionary authority, a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b)."). "Leave must be denied if the party seeking leave to appeal fails to establish any one of the three elements." *Figueroa v. Wells Fargo Bank N.A*., 382 B.R. 814, 824 (S.D. Fla. 2007).

As the party seeking interlocutory review, Butler "bears the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Samsung Semiconductor, Inc. v. AASI Liquidating Trust ex. Rel. Welt*, No. 12-23707-CIV, 2013 WL 704775, at *4 (S.D. Fla. Feb. 26,

2013) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (discussing the role of the court of appeals in interlocutory appeals)); *see also Soler v. Yip*, No. 13-22168-CIV, 2013 WL 5446674, *5 (S.D. Fla. Sept. 30, 2013) ("interlocutory bankruptcy appeals should be the exception, not the rule."). Even when a party has established the three factors warranting interlocutory appeal, a court "has discretion to turn down" an interlocutory appeal, as liberal use of the interlocutory appeal process "is bad policy." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).

### III. DISCUSSION

#### A. Controlling Question of Law

A controlling question of law "deals with a question of 'pure' law, or matters that can be decided 'quickly and cleanly without having to study the record.'" *Colonial Bank*, 335 B.R. at 919-20; *see McFarlin*, 381 F.3d at 1258 (internal quotations omitted); *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1252-53 (11th Cir. 2003). A question of law is "controlling" "only if it may contribute to the determination, at an early stage, of a wide spectrum of cases." *Samsung Semiconductor*, 2013 WL 704775, at *5; *see McFarlin*, 381 F.3d at 1259 ("The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law."). The answer to the question on appeal must also substantially reduce the amount of litigation that remains in the case. *McFarlin*, 381 F.3d at 1259. "The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* "[A] question is not controlling merely because it is determinative of the case at hand." *In re Auto Dealer Servs., Inc.*, 81 B.R. 94, 96 (M.D. Fla. 1987).

The Court begins its analysis by reviewing the issues on appeal raised in Butler's Brief to determine whether they involve a controlling question of law. Although Salkin characterizes the issue on appeal as the general denial of a § 707(b) dismissal, the Court must look to the specific issues on appeal to determine whether they involve a controlling question of law. *See Figueroa*, 382 B.R at 824 (citing *Colonial Bank*, 335 B.R. at 919) (looking at the issue on appeal to determine whether it involved a controlling issue of law). Butler's Brief raises two issues on appeal: (1) "Whether the Bankruptcy Court erred by including unpaid mortgage payments in a 'snapshot' approach of a debtor's Means Test calculation, when authority holds otherwise;" and (2) "Whether the Bankruptcy Court erred in not finding a presumption of abuse under § 707(b)(2) of the Code and in not dismissing the case, where such a finding was indicated and required the Court to dismiss the bankruptcy case if the debtor did not choose to convert." ECF No. [18] at 9.

Starting with the first issue, the Court concludes it involves a question of law that can be decided quickly without having to study the record and one that is "controlling" in that it may "contribute to the determination, at an early stage, of a wide spectrum of cases." *Samsung Semiconductor*, 2013 WL 704775, at *5. On appeal, Butler asks the Court to determine as a matter of law whether unpaid mortgage payments should be included in a "snapshot" approach of the debtor's Means Test calculation. This issue does not require that the Court parse through the record. Rather, the Court can answer this question as a matter of law and such an answer will have widespread applicability to any bankruptcy case involving a debtor who is legally obligated to make mortgage payments but has ceased making such payments. As such, the first question on appeal is stated at a high enough level that it has general relevance to other bankruptcy cases,

making it a controlling question of law. If Butler ultimately loses on the first issue, the appeal ends there.

However, if the Court reaches the second issue – "[w]hether the Bankruptcy Court erred in not finding a presumption of abuse under § 707(b)(2) of the Code and in not dismissing the case, where such a finding was indicated and required the Court to dismiss the bankruptcy case if the debtor did not choose to convert" – it also poses a controlling question of law. Stated simply, if Butler is correct that phantom mortgage payments cannot be included in the Means Test calculation, then Butler contends that the § 707(b)(2) analysis would have rendered his Chapter 7 filing presumptively abusive. Because Butler waived his right under 11 U.S.C. § 707(b)(2)(B) to rebut the presumption of abuse, he argues that the Bankruptcy Court erred as a matter of law in proceeding to apply the totality-of-the-circumstances test under § 707(b)(3). *See In re Witcher*, 702 F.3d 619, 621 (11th Cir. 2012) ("Subsection 707(b)(3) comes into play when the presumption of abuse under 707(b)(2) does not arise or is rebutted."). Salkin argues that § 707(b)(3) is a totality-of-the-circumstances test that is discretionary and cannot, therefore, constitute a controlling question of law. *See* ECF No. [9] at 8. However, Butler is not asking the Court to review the Bankruptcy Court's fact-intensive totality-of-the-circumstances analysis on an interlocutory basis or to otherwise determine whether the bankruptcy court abused its discretion when it denied the motion to dismiss on the basis of that test. Instead, he is asking the Court to determine, as a matter of law, whether a bankruptcy court can ever reach the totality-of-the-circumstances test when there is an unrebutted presumption of abuse under § 707(b)(2) and the debtor does not consent to convert the case to another chapter. Because this issue raises a legal question with applicability to other bankruptcy cases involving an unrebutted presumption of abuse, the Court finds that it also presents a controlling question of law.

In support of her Motion, Salkin heavily relies on another recent decision from the Southern District of Florida, *Amador v. Calderin*, No. 17-23502-Civ-COOKE, 2017 WL 5749580 (S.D. Fla. Nov.28, 2017). In *Amador*, the district court declined to review an interlocutory appeal of an order granting the appellants' motion to dismiss on the condition that they pay the trustee's attorney's fees. *Id.* at *1. The district court did so because it determined that 11 U.S.C. § 707(b)'s use of the word "may" makes the decision to dismiss a voluntary bankruptcy petition discretionary. *Id.* at *2. In reaching this conclusion, *Amador* found that, in *Pollitzer v. Gebhart*, 860 F.3d 1334 (11th Cir. 2017), the Eleventh Circuit stated that § 707(b) allows, but does not require, a bankruptcy court to dismiss an abusive Chapter 7 petition. *Id.* at *2, n.1. That statement from *Pollitzer* was *dicta* from the opening sentence of the opinion – an opinion that decided a different issue on appeal, "whether § 707(b) applies to a petition that was initially filed under Chapter 13 but later converted to a petition under Chapter 7." *Pollitzer*, 860 F.3d at 1337. In *Pollitzer*, the Eleventh Circuit did not decide whether § 707(b) was permissive or mandatory upon an unrebutted presumption of abuse.

In addition, the district court in *Amador* did not have before it the arguments Butler raises in his Brief, which is that the word "may" in § 707(b)(1) gives the bankruptcy court the discretion to dismiss *or* convert – the latter only with the consent of the debtor. According to Butler, § 707(b)(1) only gives the bankruptcy court the discretion to do one or the other when there is an unrebutted presumption of abuse. Without deciding the merits of the second issue on appeal, the Court points out that Butler's Brief cites to several cases purporting to support his position. *See* ECF No. [18] at 33-37. *Amador* did not consider or discuss these cases. Further, although *Amador* may have involved an appeal of a dismissal under § 707(b), it did not involve

the specific questions on appeal raised here. For these reasons, the Court finds that *Amador* is inapposite.

### B. Substantial Ground for Difference of Opinion

Only "[i]f the court finds that a matter raises a controlling question of law . . . must [a court] determine whether a substantial ground for difference of opinion exists as to that question." *Samsung Semiconductor, Inc.*, 2013 WL 704775, at *5. "To satisfy the second element, an appellant "must show that at least two courts interpret the relevant legal principle differently." *Figueroa*, 382 B.R at 824 (citing *Colonial Bank*, 335 B.R. at 919). However, if the jurisdiction at issue has already decided the issue on appeal, there cannot be a substantial difference of opinion. *Id.* An issue of first impression is also insufficient to satisfy the second factor. *Id.* Salkin does not challenge the second factor or otherwise demonstrate that there is no difference of opinion among the judges of the United States Bankruptcy Court for the Southern District of Florida.[2] Butler, on the other hand, directs the Court to cases revealing a lack of consensus among Florida's bankruptcy courts on the question of whether phantom mortgage payments should be included in the Means Test computation. *See In re: Powers*, 534 B.R. 207, 215-216 (Bankr. N.D. Fla. 2015) ("The payments the Debtor lists for the mortgage on her former homestead are phantom payments. The Debtor is not entitled to deduct those sums from her income under the means test fin [sic] order to calculate her eligibility for relief under Chapter 7, pursuant to § 707(b)(2)(A)(iii)."); *In re Thompson*, 457 B.R. 872, 880 (Bankr. M.D. Fla. 2011)

---

[2] Salkin characterizes Butler's discussion of the conflicting case law as an attempt to argue the merits of the appeal. *See* ECF No. [12] at 6. In a lengthy footnote, Salkin addresses many conflicting opinions, directing the Court to other opinions wherein bankruptcy courts have employed the same "snapshot" approach as the one employed in the bankruptcy proceedings below. *Id.* at 6, n.3. She further explains which approach she believes to be the majority view versus the minority view. *Id.* This argument, however, misses the point. By pointing out the conflicting views among bankruptcy courts on this specific issue, Salkin further supports the second prong of the analysis by demonstrating the lack of a consensus on the issue.

("Debtors may not claim an expense for secured loan payments they will not actually make. The payments on loans secured by the Clermont Property are not actually-incurred expenses. They do not meet the statutory definition of 'payments on account of secured debts.' They are not permissible deductions.") (internal citations omitted); *In re Bookmyer*, No. 10-35913-BKC-RBR, 2011 WL 6202893, at *4 (Bankr. S.D. Fla. Apr. 14, 2011) ("When determining a debtor's projected disposable income for purposes of Schedules I and J, a debtor must exclude deductions on payments that the debtor will not be making going forward and that therefore, will not negatively impact a debtor's disposable income."). *But see In re Rivers*, 466 B.R. 558, 567 (Bankr. M.D. Fla. 2012) ("Accordingly, a Chapter 7 debtor's deductions from income on his Means Test calculation should also be determined as of the petition date, and a Chapter 7 debtor may deduct a mortgage payment from income even if he intends to surrender the underlying property."); *In re Behague*, 497 B.R. 340, 342 (Bankr. M.D. Fla. 2012) (finding that § 707(b)(2)(A)(iii) "requires the debtor to deduct, as additional expense, the amount of any payments necessary for the debtor to maintain possession of the debtor's primary residence" and does not require any consideration of whether the debtor intends on making a payment on that secured debt). Even within the Southern District of Florida, there appears to be a disagreement between at least two bankruptcy judges as evidenced by Judge Olson's decision below wherein he included the phantom mortgage payments and Judge Ray's decision to exclude such payments in *In re Bookmyer, supra*. Given the conflicting opinions among bankruptcy judges, the Court finds that Butler has satisfied the second prong.

### c. Resolution Would Materially Advance Termination of the Litigation

As to the last factor, "the most compelling grounds for granting interlocutory appeals exist when reversal of the issue on appeal would dispose of the entire bankruptcy case."

*Figueroa*, 382 B.R. at 825-26.  Should Butler succeed in his arguments that the Bankruptcy Court erred in applying the phantom mortgage payments to the Means Test calculation and that an unrebutted presumption of abuse requires the dismissal of a Chapter 7 petition, such an outcome would materially advance the termination of the underlying litigation.  Indeed, a reversal under such circumstances would result in the dismissal of the Chapter 7 petition in its totality as Butler does not consent to the conversion of this case to another chapter.  As such, this factor also weighs in favor of allowing this interlocutory appeal to go forward on the merits.

## IV. CONCLUSION

For the reasons explained above, the Court is persuaded that the specific issues raised in this particular appeal satisfy the criteria for interlocutory review of the Bankruptcy Court's Order denying the UST's Motion to Dismiss.  It is therefore **ORDERED AND ADJUDGED** that Appellee Sonya Salkin's Motion to Dismiss Appeal due to Lack of Jurisdiction, **ECF No. [9]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 11th day of May, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record